**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL JOAQUIN-PASCUAL, | No. 10-73344 |
| Petitioner, | Agency No. A072-528-241 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Miguel Joaquin-Pascual, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Nicaraguan Adjustment and Central American Relief Act

("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85

(9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Joaquin-Pascual claims past persecution and a fear of future persecution on

account of his status as an evangelical Christian. Substantial evidence supports the

BIA's determination that Joaquin-Pascual, who testified he was not personally

injured, did not establish past persecution in Guatemala. *See Nagoulko v. INS*, 333

F.3d 1012, 1016 (9th Cir. 2003) (record did not compel finding that Pentecostal

Christian who was "teased, bothered, discriminated against and harassed" suffered

from past persecution). Substantial evidence also supports the BIA's finding that

Joaquin-Pascual's vague testimony did not establish a well-founded fear of

persecution in light of country conditions documentation in the record. *See Halim*

*v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (concluding that petitioner failed to

make a compelling showing of the objective component of a well-founded fear of

persecution); *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("When,

as here, a petitioner has *not* established past persecution, ... [the agency is] entitled

to rely on all relevant evidence in the record, including a State Department report")

(emphasis in original).

10-73344

Because Joaquin-Pascual did not meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's finding that Joaquin-Pascual did not establish it is more likely than not he will be tortured if he returns to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011). We reject Joaquin-Pascual's contention that the BIA did not consider all the relevant evidence. Accordingly, Joaquin-Pascual's CAT claim fails.

Finally, we lack jurisdiction to review the BIA's determination that Joaquin-Pascual is not eligible for NACARA relief. *See Ixcot v. Holder*, 646 F.3d 1202, 1213-14 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**